Attorney Docket No. T12891.3.A

Grant R. Clayton (USB No. 4552)
Kurtis M. Hendricks (USB No. 15626)
CLAYTON, HOWARTH & CANNON, P.C.
6985 Union Park Center, Suite 200
Cottonwood Heights, Utah 84047
Telephone: (801) 255-5335
Fax: (801) 255-5338
Email: gclayton@chcpat.com
Email: khendricks@chcpat.com

Attorneys for Plaintiff
Outback Flashlights, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OUTBACK FLASHLIGHTS, LLC, a Utah limited liability company, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| | Civil No. 2:16-cv-00090-TC |
| SAFE:BRIGHT a fictitious business name of DOE 1, and DOES 2-10, | Judge Tena Campbell |
| Defendants. | |

Plaintiff Outback Flashlights, LLC (hereinafter "Outback" or "Plaintiff") hereby complains and alleges against the named Defendants as follows:

1.      This is an action for the following counts: patent infringement and inducement of infringement of United States Design Patent No. D641,093 (hereinafter "the '093 patent"), and for unfair competition in violation of Utah and California state law.

## PARTIES, JURISDICTION, AND VENUE

2. Outback, is a Utah limited liability company with its principle place of business located at 480 South Geneva Road, Orem, Utah 84058.

3. On information and belief, Safe:Bright is the fictitious business name of Doe 1 (hereinafter "Defendant Doe 1" or "Safe:Bright"), and is an individual residing in California, as established herein. The specific identity and capacity of Defendant Doe 1, whether actually an individual, corporation, association, or otherwise, is currently unknown to Outback, who therefore alleges against said Defendant by said fictitious business name. Outback is informed and believes, and thereon alleges, that Defendant Doe 1 is legally responsible for the events and happenings hereinafter complained of and caused injury and damage proximately thereby to Outback as alleged herein. Outback will amend this Complaint when the true name and capacity of Defendant Doe 1 has been ascertained.

4. The true names and capacities of the Defendants named herein as Does 2 through 10, whether individual, corporate, associate, or otherwise, are unknown to Outback, who therefore alleges against said Defendants by said fictitious names. Outback is informed and believes, and thereon alleges, that each of the Defendants designated herein as Does 2 through 10 is legally responsible for the events and happenings hereinafter complained of and caused injury and damages proximately thereby to Outback as alleged herein. Outback will amend the Complaint when the true names and capacities of said Doe Defendants have been ascertained. Safe:Bright and Does 2 through 10 are hereinafter collectively referred to as "Defendants."

5. This Court has original jurisdiction of the patent infringement claims pursuant to one or both of 28 U.S.C. §§ 1331 and l338(a) in that the count for patent infringement arises under the

patent laws of the United States including title 35 U.S.C. §§ 271 & 281, et seq., and more specifically, 35 U.S.C. §§ 271, 281, 283, 284, 285 and 289.

6. This Court has supplemental jurisdiction of the state law claims for unfair competition pursuant to 28 U.S.C. § 1367.

7. On information and belief, this Court has personal jurisdiction over Defendants by virtue of Defendants' continuous and systematic business contacts in this state, as well as Defendants' conducting of infringing activity in this state.

8. Venue is in the U.S. District Court for the district of Utah, Central Division pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

9. Outback is engaged in, *inter alia*, the business of developing, manufacturing and marketing flashlights.

10. On July 5, 2011, the '093 patent was granted to Brent L. Kidman, an individual resident of Utah, for a "FLASHLIGHT." A true and correct copy of the '093 patent is attached hereto as Exhibit A. Figure 3 of the '093 patent is shown below in Representation 1.

11. The '093 patent issued from U.S. Design Patent Application No. 29/357,820 (hereinafter "the '820 application"), which was filed on March 17, 2010. Mr. Kidman assigned the '820 application to Outback, including any patent that would issue therefrom, as evidenced by an assignment effective July 10, 2012 and recorded with the United States Patent and Trademark Office, as publicly recorded in the Patent Assignment Database at reel 028539, frame 0809.

12.     At least one of the Defendants are engaged in the business of making, using, marketing and selling a flashlight.

13.     At least one of the Defendants are making, using, offering for sale, selling, and/or importing flashlights (hereinafter "Accused Products"), including a flashlight identified as "Best LED Flashlights 3-in 1 [*sic.*]" shown in the copy of Defendant Safe:Bright's Amazon® store listing attached hereto as Exhibit B.  A photograph of an example of the Accused Products from the Amazon® store listing is shown below in Representation 1 aside Figure 3 of the '093 Patent.



**Representation 1:** Fig. 3 of the '093 Patent (left) and
Safe:Bright's "Best LED Flashlights 3-in 1" (right)

14. On information and belief, Defendant Safe:Bright operates a website at www.safebrightdirect.com, a copy of which is attached as Exhibit C.

15. On information and belief, Defendant Safe:Bright is the registrant of the domain name www.safebrightdirect.com.  The true identity of the party known by the fictitious business name Safe:Bright cannot be determined from the domain name registration as a domain name privacy service has been used to hide the true identity of the registrant, as shown in the copy of the Whois database attached as Exhibit D.

16. On information and belief, Defendant Safe:Bright has employed various means for keeping its true identity hidden, including its anonymous storefront on Amazon® and its anonymous domain name registration.

17. On information and belief, Defendants have been offering for sale the Accused Products, which fall within the scope of the claim of the '093 patent, after the issue date of the '093 patent.

18. On information and belief, Defendants have sold many units of the Accused Products after the issue date of the '093 patent.

19. Defendants' manufacture, promotion and sales of the Accused Products constitutes unlawful infringement of the '093 patent.

20. Defendants' intentional business acts and practices constitute unlawful unfair competition.

21. As a result of Defendants' wrongful conduct, Outback has suffered damages in an amount to be proven at trial.

22. The damage and harm to Outback arising from Defendants' acts of infringement of the '093 patent and unfair competition is not fully compensable by money damages, but rather has resulted in irreparable harm to Outback.

## FIRST CLAIM FOR RELIEF
(Infringement of the '093 Patent)

23. Outback realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 22 above.

24. Outback is the owner of the '093 patent by virtue of an assignment.

25. On information and belief, subsequent to the issue date of the '093 patent, and prior to commencement of this action, Defendants infringed the '093 patent by making, using, offering to sell, or selling to customers the Accused Products, which embody the claim of the '093 patent.

26. By reason of the actions of Defendants, Outback has been and will continue to be seriously damaged and irreparably harmed unless Defendant is enjoined by this Court from the actions complained of herein.  Outback has suffered monetary damages due to Defendants' acts of patent infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial.  Further, the damage and harm to Outback arising from Defendants' acts of infringement of the '093 patent is not fully compensable by money damages, but rather results in irreparable harm to Outback.

## SECOND CLAIM FOR RELIEF
(Inducing Infringement of the '093 Patent as to Does 2 through 10)

27. Outback realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 26 above.

28.     To the extend that directly infringing activities are performed by at least Safe:Bright, Defendants Does 2 through 10 are liable for actively inducing the infringement of the '093 patent under 35 U.S.C. § 271(b).

29.     On information and belief, subsequent to the issue date of the '093 patent, and prior to commencement of this action, Defendants Does 2 through 10 induced Defendant Safe:Bright to infringe the '093 patent by making, using, offering to sell, or selling to customers devices which embody the claim of the '093 patent.

30.     On information and belief, Defendants Does 2 through 10 had knowledge that the induced acts constitute infringement of the '093 patent.

31.     On information and belief, Defendants Does 2 through 10 induced Defendant Safe:Bright with the intent to encourage infringement of the '093 patent.

32.     By reason of the actions of Defendants Does 2 through 10, Outback has been and will continue to be, seriously damaged and irreparably harmed unless Defendants Does 2 through 10 are enjoined by this Court from the actions complained of herein.  Outback has suffered monetary damages due to Defendants's acts of inducing infringement in an amount which cannot be determined without an accounting, and is thus subject to proof at trial.  Further, the damage and harm to Outback arising from the Defendants's acts of inducing infringement of the '093 patent is not fully compensable by money damages, but rather results in irreparable harm to Outback.

## THIRD CLAIM FOR RELIEF
(Violation of Utah's Unfair Competition Act (Utah Code Ann. §§ 13-5a-101 to -103))

33. Outback realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 32 above.

34. Defendants' conduct alleged above constitutes unlawful, unfair, or fraudulent business acts or practices that have lead to the diminution of value of the intellectual property of Outback, all in violation of Utah's Unfair Competition Act (Utah Code Ann. §§ 13-5a-101 to -103).

35. These wrongful acts have proximately caused and will continue to cause Outback substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation and diminution of the value of its products.

36. The harm these wrongful acts have caused and will cause to Outback is both imminent and irreparable, and the amount of damage sustained by Outback may be difficult to ascertain if these acts continue.

37. To the extent Outback has no adequate remedy at law, Outback is entitled to an injunction restraining Defendants, and all persons acting in concert therewith, from engaging further in such unlawful conduct.

## FOURTH CLAIM FOR RELIEF
(Violation of California's Unfair Competition Law
(California Business & Professions Code § 17200 *et seq.*))

38. Outback realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 37 above.

39. Defendants' conduct alleged above constitutes unlawful, unfair, or fraudulent business acts or practices that have lead to the diminution of value of the intellectual property of

Outback, all in violation of California's Unfair Competition Law at California Business & Professions Code § 17200 *et seq*.

40. These wrongful acts have proximately caused and will continue to cause Outback substantial injury, including loss of customers, dilution of its goodwill, confusion of existing and potential customers, injury to its reputation and diminution of the value of its products.

41. The harm these wrongful acts have caused and will cause to Outback is both imminent and irreparable, and the amount of damage sustained by Outback may be difficult to ascertain if these acts continue.

42. To the extent Outback has no adequate remedy at law, Outback is entitled to an injunction restraining Defendants, and all persons acting in concert therewith, from engaging further in such unlawful conduct.

## ALLEGATION OF DAMAGES

43. Outback realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 42 above.

44. On information and belief, Defendants have unlawfully derived, and will continue to unlawfully derive, profits by the infringement of the '093 patent.

45. By reason of the actions of Defendants, Outback has been, and will continue to be, seriously damaged and irreparably harmed unless Defendants are enjoined by this Court from the actions complained of herein.

46. Outback has suffered monetary damages due to Defendants' acts in an amount that cannot be determined without an accounting, and is thus subject to proof at trial.

47. The damage and harm to Outback arising from Defendants' acts is not fully compensable by money damages, but rather results in irreparable harm to Outback.

48. By reason of Defendants' acts alleged herein, Outback has suffered damage to its business, and will continue to suffer damage to its business unless Defendants' unlawful actions and violations of Outback's rights cease.

PRAYER FOR RELIEF

49. WHEREFORE, Outback prays for judgement of this Court against Defendants as follows:

50. That the Court enter a judgment that the '093 patent is valid and infringed by Defendants;

51. That the Court enter a judgment that Defendants have engaged in unfair competition pursuant to Utah's Unfair Competition Act (Utah Code Ann. §§ 13-5a-101 to -103);

52. That the Court enter a judgment that Defendants have engaged in unfair competition pursuant to California's Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*);

53. That Defendants and all of Defendants' agents, servants, employees, attorneys, directors, and those persons in active concert or participation with them, be preliminarily and permanently enjoined under applicable authority from (i) violating Outback's patent rights, or causing others to violate said patent rights, on such terms as the Court deems reasonable, (ii) continuing any and all acts of unfair competition as herein alleged, or causing others to commit such acts, and (iii) further violation of Outback's rights on such terms as the Court deems reasonable;

54.     That Defendants be ordered to deliver up to this Court, for such disposition as it sees fit, all infringing Accused Products and materials in its possession or control, all means for making the Accused Products, and all labels, packages, receptacles, wrappers, advertisements, literature, documents or other things in its possession or control bearing any designation, description or representation pertaining to the infringement of the '093 patent or to Defendants' violation of Outback's rights under state unfair competition laws;

55.     That Defendants be ordered to file with this Court and serve on Outback within twenty (20) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order of the Court;

56.     That Defendants be required to account to Outback for any and all profits, gains, and advantages derived by Defendants and for all damages sustained by Outback by reason of the infringement and violation of rights complained of herein, and that the Court award Outback the amount of actual damages it has suffered;

57.     That Defendants be required to pay prejudgment and postjudgment interest until such awards are paid;

58.     That the Court grant such other and further relief as deemed equitable and just.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 2nd day of February, 2016.

        CLAYTON, HOWARTH & CANNON, P.C.


          /Grant R.  Clayton/
        Grant R. Clayton (USB No. 4552)
        Kurtis M. Hendricks (USB No. 15626)
        6985 Union Park Center, Suite 200
        Cottonwood Heights, Utah 84047
        Telephone: (801) 255-5335
        Fax: (801) 255-5338
        Email: gclayton@chcpat.com
        Email: khendricks@chcpat.com

        Attorneys for Plaintiff,
        Outback Flashlights, LLC


S:\CHC Files\T12--\T128--\T12891\3\20160202.complaint.final.wpd